# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2013

No. 13-30120
Summary Calendar

Lyle W. Cayce
Clerk

RICHARD BAIN,

Plaintiff - Appellee

v.

WHITNEY BANK,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2785

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Whitney Bank (Whitney) appeals the district court's judgment confirming Plaintiff-Appellee Richard Bain's arbitral award and denying its motion to vacate or modify the award under 9 U.S.C. §§ 10(a)(4) or 11(a). We AFFIRM.

## I. Facts & Procedural History

Richard Bain  entered into an employment agreement with Parish National Bank (PNB) in 2008. That agreement provided: "[Bain] shall be

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eligible to participate in incentive plans developed by [PNB] for its Executive Officers [and Bain] shall be entitled to participate in all other benefits generally offered to bank employees." Bain and PNB agreed that disputes arising out of that agreement were to be submitted to arbitration.

Whitney acquired PNB in 2011, and assumed all of PNB's contractual obligations. Thereafter, Bain demanded Whitney pay him compensation allegedly owed to him under the terms of the employment agreement. When Whitney refused, Bain initiated arbitration proceedings.

The arbitrator rendered a reasoned award in Bain's favor in September 2012. The arbitrator found, *inter alia*: there was a valid contract between Bain and PNB, which was assumed by Whitney; Bain was entitled to receive incentive benefits; and Whitney breached that agreement. After issuing the award, and pursuant to Whitney's request to correct computational errors, in October 2012 the arbitrator issued an amended award for Bain in the approximate amount of $674,425 in cash and stock.

Bain made demand on Whitney to satisfy the award; when it refused, Bain filed a petition in Louisiana state court to confirm the arbitral award. Whitney removed to federal district court, and filed a motion to vacate or modify the award; Bain filed a motion to confirm it. The district court denied Whitney's motion and granted Bain's. This timely appeal followed.

## II. Jurisdiction & Standard of Review

On appeal from a district court's denial of a motion to vacate an arbitration award, we review findings of fact for clear error; questions of law, *de novo*. *Prescott v. Northlake Christian Sch.*, 369 F.3d 491, 494 (5th Cir. 2004) (citation omitted). "[T]he district court's review of an arbitration award, under the Federal Arbitration Act (FAA), is extraordinarily narrow." *Id.* (citation and internal quotation marks omitted).

No. 13-30120

## III. Analysis

Whitney contends the arbitral award should be vacated under 9 U.S.C. § 10(a)(4), because the arbitrator exceeded her authority by granting an award supported by neither Louisiana law nor the employment agreement; or, alternatively, modified under 9 U.S.C. § 11(a), because the arbitrator relied on an unambiguous mistake of fact.

Arbitration awards must be confirmed unless statutory grounds exist for vacatur or modification. 9 U.S.C. § 9. The FAA permits a district court to vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Modification may be ordered where "there was an evident material miscalculation of figures or an evidence material mistake in the description of any person, thing, or property referred to in the award." 9 U.S.C. § 11(a).

Regarding its first contention, Whitney asserts that Bain introduced no evidence during arbitration of an incentive plan under which he would have been entitled to payment, and that the arbitrator exceeded her powers by awarding damages with no legal relation to the underlying contract. A mere mistake of law, however, is not sufficient grounds for disturbing an arbitral award. *Apache Bohai Corp. LDC v. Texaco China BV*, 480 F.3d 397, 401 (5th Cir. 2007) (citation omitted). Here the arbitrator applied the law, in accordance with her express powers, in the manner she deemed appropriate. Further, to the extent Whitney asserts the arbitral award evinced a "manifest disregard for the law," this independent, nonstatutory ground cannot be the basis for vacatur or modification in this circuit. *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009).

Regarding its second contention, Whitney asserts the arbitrator relied on an unambiguously inaccurate report reflecting the value of incentive payments owed to Bain. During the hearing, Bain proffered evidence from a financial

forensic expert regarding his damages, but Whitney did not challenge that expert's testimony. Yet even if it had, review of the arbitrator's decision is exceedingly deferential. *Apache Bohai*, 480 F.3d at 401 (citation omitted). Accordingly, we will not disturb the arbitrator's award.

## IV. Conclusion

For the foregoing reasons, the district court's judgment denying Whitney's motion to vacate or modify the arbitral award is AFFIRMED.